## No. IX.

### A. H. McKENSIE v. ROBERT HAMILTON.

*Appeal from Red River County.*

MILLS, JUSTICE.—The petition in this case is addressed to the judge acting as chancellor, and contains in substance the following averments: "The appellant, McKensie, upon a certain contract or agreement entered into between himself and Hamilton, made an assignment to Hamilton of his headright certificate of one-third of a league of land, which agreement is as follows: 'Agreement entered into between A. H. McKensie

to permit intelligent Mexicans to testify as to construction of laws of Spain and Mexico. State v. Cuellar, 47 T., 295; State v. De Leon, 64 T., 553. Col-

on the one part and Robert Hamilton on the other part, witnesseth, that said McKensie agrees to let said Hamilton have his headright certificate of one-third of a league of land to locate on Red River, for which said Hamilton is to let said McKensie have the same quantity of land out of claims to be located by Allen Urquart out on or near the Cypress, he, the said McKensie, paying his portion of expense on the same. Said McKensie is to have choice of either end of the 'largest claim set out.' This agreement is dated the 28th of May, A. D. 1838. Hamilton, by the assignment, became possessed of the certificate mentioned, and procured it in the month of August of the same year, to be located upon lands situated in Red River County and bordering on the Red River. Hamilton has ever since, that is to say, from the month of August, A. D. 1838, up to the spring term of the District Court for the County of Red River (at which the petition of appellant was filed), enjoyed the possession of said land, covered by said headright certificate of McKensie. Hamilton has never located, or caused to be located in his behalf, any lands out or or near the Cypress, but after obtaining the certificate of McKensie, withdrew from the hands of Urquart the claims referred to in his agreement with McKensie, and has otherwise than as contemplated by said agreement disposed of them. His negligence in perfecting the agreement has not only deprived McKensie of obtaining his land in an eligible portion of the country, but of all equivalent or compensation whatever for his headright certificate. The bill or petition concludes, that by reason of the fraudulent conduct of Hamilton, the agreement should be canceled, the agreement annulled and the certificate restored, as well as that the land, by virtue of the same located and surveyed, should be adjudged to be the property of the complainant."

The defendant Hamilton, by attorneys, demurred to the petition or bill of the complainant and set forth as grounds for so doing the following causes: (1) The bill does not declare that complainant ever tendered his portion of the expense as per agreement; (2) the bill shows McKensie to have had his remedy at law; and (3) that a venue is not sufficiently set out; concluding with a prayer for judgment.

The demurrer was sustained and bill dismissed; from which judgment of the court below the complainant appeals.

It is unnecessary for the court at this time to enter into a definitive construction of the argument between the parties to this suit; we have only to say that as regards the first exception to the bill, in the demurrer suggested, by reference to the contract or agreement it will be observed,

lections of laws of other countries, purporting to be printed and published by authority of such countries, are admissible to prove themselves. Burton v. Anderson, 1 T., 93; Martin v. Payne, 11 T., 292; Ellis v. Wiley, 17 T., 134; Texas Express Co. v. Beissner, 1 App. C., sec. 762; Patterson v. State, 17 T. App., 102; Fernandez v. State, 25 T. App., 538. Nature, validity, obligation, construction and interpretation of contracts are determined by the lex loci contractus, unless a different place is fixed by the parties for performance. Tinnen v. Mathews, Dal., 491; Huff v. Folger, Dal., 530; Scott v. Maynard, Dal., 548; Gautier v. Franklin, 1 T., 732; Hays v. Cage, 2 T., 501; Snoddy v. Cage, 5 T., 106; Andrews v. Hoxie, 5 T., 171, 189; Campbell v. Wilson, 6 T., 379, 390; Raymond v. Holmes, 11 T., 54; Hall v. Harris, 11 T., 300, 305; McLeod

that no *tender* was contemplated until the services were performed by Hamilton, to wit, the location of the lands on the Cypress; and the bill declares those services as yet unperformed. This objection to the bill is therefore invalid.

Upon the second cause of demurrer we would remark, that the fact of the fraud being such as might well form the subject for compensation by damages before a jury is not sufficient answer to a bill in chancery praying for relief by the remission of a contract. This we conceive to be a point well settled both in England and the United States; for as the court remarks in the case of Bogus Executor v. Grundy, 3 Peters, 210, "The law which abhors fraud does not permit it to purchase indulgence, dispensation or absolution." In the opinion of the court the allegations of the bill, if proved or confessed, are declaratory of fraud, and a fraud of that character which would justify the interference of a court of equity; whether the specific judgment prayed for by the complainant could well be founded upon them, is a question which we are not now called upon to decide.

The third and last point taken in the demurrer is "that there is not a sufficient venue set out." The suit was commenced in the county of Red River, and it was brought as well for the rescission of the agreement as to validate an equitable right to and obtain possession of the land. By reference to the bill it will be seen that the land is described as lying and being in the county of Red River. The fifth section of the act defining the powers and jurisdiction of the district court, passed December 22, 1836, Texas Laws, volume 1, page 194, declares "that no individual shall be sued other than in the county of his residence," with various exceptions; one of which is in the language of the statute, "Where land is the object of the suit." The venue is only to give the court jurisdiction, so far as the exercise of the same is confined to a particular territory. This bill is filed before "the Hon. John M. Hansford, judge and chancellor of the District Court for the Seventh Judicial District, next to be holden at Clarksville, within and for the county of Red River." This we conceive to be entirely sufficient.

We are unwilling, owing to the unsettled practice in the country both at law and in equity as regards demurrers, by this decree to determine that the demurrer filed in this case was intended by the appellee to be a confession on his part of all the allegations in the bill. (And we would remark that parties, pleading to any petition at law or in equity filed against them, should at once file every matter either of law or fact which they may deem necessary to this defense; and it will hereafter be the practice of this court to proceed as if such had been the case in the court below. We are compelled to the adoption of this rule to prevent the

v. Board, 30 T., 238; Cantu v. Bennett, 39 T., 303; Weider v. Maddox, 66 T., 372; Life Assn. v. Harris, 94 T., 25; Apollos v. Staniforth, 3 T. C. A., 502; Merrielles v. State Bank, 5 T. C. A., 483; Tilliard v. Hall, 11 T. C. A., 381; M. K. & T. Ry. v. Thompson, 11 T. C. A., 658; M. P. Ry. v. Harris, 1 App. C., sec. 1265. By place of performance. Ryan v. M. K. & T. Ry., 65 T., 13; Seiders v. Life Assn., 93 T., 194; Life Assn. v. Harris, 94 T., 25; Good v. Cald-

otherwise great delay in the prosecution of suits to final judgment.)   We are therefore of opinion that the judgment of the court below should be reversed and the case remanded for further trial—the appellee having the privilege of answering further to the allegations of fact contained in the bill.   And it is hereby so ordered and declared.

                                        *Reversed and remanded*